UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J. HENDERSON,

        Petitioner,

v.          CASE NO. 08-15270
        HONORABLE NANCY G. EDMUNDS

KENNETH McKEE,

        Respondent.
_____/

### ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER PETITION TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION

Petitioner J. Henderson has filed a *pro se* habeas corpus petition challenging his 2003 Genesee County conviction and sentence of seven to twenty-two and a half years in prison for second-degree criminal sexual conduct. Petitioner challenged the same conviction and sentence in a habeas corpus petition filed in 2006. United States District Judge Lawrence P. Zatkoff adopted the magistrate judge's recommendation and denied the petition on the merits. *See Henderson v. Smith*, No. 06-12120 (E.D. Mich. Nov. 16, 2007). The United States Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability, *see Henderson v. Smith*, No. 07-2538 (6th Cir. Sept. 12, 2008), and on June 1, 2009, the United States Supreme Court denied Petitioner's application for a writ of certiorari. *See Henderson v. Smith*, __ U.S. __, 129 S. Ct. 2739 (2009). Petitioner now seeks relief in a second habeas corpus petition filed under 28 U.S.C. §§ 2241 and 2254.

An individual seeking to file a successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C.

§ 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the Court of Appeals, the district court must transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1]  *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not obtained permission from the Court of Appeals to file another habeas corpus petition challenging the same conviction and sentence.  Accordingly, Respondent's motion to transfer [Dkt. #10, Aug. 25, 2009] is **GRANTED**, and the Clerk of the Court is **ORDERED** to transfer this case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.  The petition for deposition and injunction [Dkt. #27, Feb. 4, 2009] is **DENIED** as moot.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 16, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 16, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[1] Section 1631 provides in pertinent part that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.